**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BOARD OF TRUSTEES OF THE ) <br> PIPE FITTERS RETIREMENT FUND, ) <br> LOCAL 597, et al., ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> MASTER - TECH REFRIGERATION ) <br> SERVICE CORP., an Illinois corporation, ) <br> ) <br> Defendant. ) | CIVIL ACTION <br><br> NO.: 10-CV-2246 <br><br><br> HON. REBECCA R. PALLMEYER <br><br> MAGISTRATE JUDGE MASON |

**ANSWER TO COMPLAINT AND COUNTERCLAIM**

**NOW COMES** the Defendant, MASTER-TECH REFRIGERATION SERVICE CORP. ("Master-Tech"), and for its Answer to Plaintiffs' Complaint, states as follows:

1. This action arises under Section 502 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") and Section 301 of the Labor-Management Relations Act. The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 1132(e) (1) and 28 U.S.C. § 1331.

**ANSWER: Defendant admits the allegations made in Paragraph 1, but denies liability thereunder.**

2. Venue is proper in this court pursuant to 29 U.S.C. § 1132(e)(2) in that the PIPEFITTERS RETIREMENT FUND, LOCAL 597, the PIPEFITTERS WELFARE FUND, LOCAL 597, PIPE FITTERS TRAINING FUND, LOCAL 597 and the PIPE FITTERS INDIVIDUAL ACCOUNT AND 401(k) PLAN ('TRUST FUNDS"), are administered at 45 North Ogden Avenue, Chicago, Illinois and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Northern District of Illinois, Eastern Division.

**ANSWER: Defendant admits the allegations made in Paragraph 2, but denies**

**liability to Plaintiffs.**

## PARTIES

3. The Board of Trustees of the TRUST FUNDS, are authorized to administer the TRUST FUNDS, which receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the PIPE FITTERS ASSOCIATION, LOCAL UNION 597, U.A. ("UNION"), and therefore are multi-employer plans under 29 U.S.C. § 1002.

**ANSWER: Defendant admits the allegations made in Paragraph 3, but denies liability to Plaintiffs.**

4. The BOARD OF TRUSTEES of the CHICAGO AREA MECHANICAL CONTRACTORS INDUSTRY IMPROVEMENT TRUST ("INDUSTRY FUND") is authorized to administer the INDUSTRY FUND.

**ANSWER: Defendant has insufficient knowledge to admit or deny these allegations.**

5. The BOARD OF TRUSTEES of the PIPE FITTING COUNCIL OF GREATER CHICAGO ("PFCGC") is authorized to administer the PFCGC.

**ANSWER: Defendant has insufficient knowledge to admit or deny these allegations.**

6. The UNION is the bargaining representative of Defendant MASTER-TECH's bargaining unit employees.

**ANSWER: Defendant admits that the UNION was the bargaining representative of Defendant MASTER-TECH's bargaining unit employees only during such time that Defendant employed more than one bargaining-unit employee. Defendant denies the remaining allegations made in this paragraph.**

7. The Defendant MASTER-TECH is an Illinois corporation with its principal place of business located in Plainfield, Illinois.

**ANSWER: Defendant admits the allegations made in this paragraph. Answering further, Defendant states that it has terminated its business.**

## COUNT I
## BREACH OF CONTRACT

8. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-7 of this Complaint with the same force and effect as if fully set forth herein.

**ANSWER: Defendant re-alleges and incorporates its Answers to paragraphs 1-7 of this Complaint with the same force and effect as if fully set forth herein.**

9. MASTER-TECH is an employer engaged in an industry affecting commerce which entered into a Subscription Agreement whereby it agreed to be bound by the provisions of the Collective Bargaining Agreement negotiated between the UNION and the Mechanical Contractors Association for all times relevant to this action. (A copy of the Subscription Agreement is attached as Exhibit 1); (A copy of the Collective Bargaining Agreement is attached as Exhibit 2).

**ANSWER: Defendant admits the allegations made in this paragraph. Answering further, Defendant states that it has terminated its business.**

10. Through the agreements referred to in paragraph 9, the Defendant MASTER-TECH also became bound by the provisions of the Agreements and Declaration of Trust which created the Trust Funds (hereinafter referred to as the "trust Agreements"). (Copies of the Welfare Fund Trust Agreement, the Pension Fund Trust Agreement and the Training Fund Trust Agreement are attached as 3A, 3B, and 3C, respectively).

**ANSWER: Defendant denies that it is bound to all of the provisions of the Trust Agreements. Defendant has insufficient knowledge to admit or deny whether copies of the**

**Welfare Fund Trust Agreement, the Pension Fund Trust Agreement and the Training Fund Trust Agreement are attached as 3A, 3B, and 3C, respectively**).

11. Pursuant to the provisions of the Collective Bargaining Agreement and the Trust Agreements, MASTER-TECH is required to make monthly reports of hours worked by Covered Employees (hereinafter referred to as "monthly Contribution Reports") and pay contributions to the TRUST FUNDS, the INDUSTRY FUND and the PFCGC for each hour worked pursuant to the Collective Bargaining Agreement at the negotiated rate. The monthly reports and contributions during all times relevant were due on or before the 15th day of the calendar month following the calendar month during which the work was performed.

**ANSWER: Defendant admits the allegations made in this Paragraph but denies liability to Plaintiffs. Answering further, Defendant denies that it is bound to all of the provisions of the Trust Agreements.**

12. Pursuant to the terms of the Trust Agreements, MASTER-TECH must pay monthly contributions to the TRUST FUNDS for all owners or owners' family members which perform any covered work under the Collective Bargaining Agreement based on the greater of 1) the number of hours worked by the owner or owners' family member under the Collective Bargaining Agreement, or 2) 155 hours.

**ANSWER: Defendant denies the allegations made in this paragraph.**

13. Pursuant to Section 502(g)(2) of ERISA, and the provisions of the Collective Bargaining Agreement and Trust Agreements, employers who fail to submit their monthly Contribution Reports and contributions to the TRUST FUNDS on a timely basis are responsible for the payment of liquidated damages equal to 10% of the amount unpaid and interest at the rate of 1% per month for each month that contributions remain unpaid, plus any reasonable attorneys' fees and costs of maintaining suit.

**ANSWER     Defendant admits the allegations made in this Paragraph but denies liability to Plaintiffs.**

14.     Pursuant to the provisions of the Collective Bargaining Agreement and Trust Agreements, employers who fail to submit their monthly Contribution Reports and contributions to the INDUSTRY FUND on a timely basis are responsible for the payment of liquidated damages equal to 10% of the amount unpaid and interest at the rate of 1% per month for each month that contributions remain unpaid, plus any reasonable attorneys' fees and costs of maintaining suit.

**ANSWER:     Defendant admits the allegations made in this Paragraph but denies liability to Plaintiffs.**

15.     Pursuant to the Collective Bargaining Agreement, MASTER-TECH is required to deduct UNION dues from its employee's paychecks (called wage work assessment) and remit payment of those dues to the UNION.

**ANSWER:     Defendant admits the allegations made in this Paragraph but only to the extent that any such employee has provided such authority to Master-Tech.**

16.     An audit of MASTER-TECH's payroll records conducted on October 6, 2009 revealed a deficiency of $6,209.10 in unpaid contributions for the period of November 1, 2006 through June 30, 2009. (A copy of the Audit Report is attached as Exhibit 4).

**ANSWER:     Defendant admits that an audit of its payroll records was performed on or about October 6, 2009 for the period of November 1, 2006 through June 30, 2009. Defendant denies the remaining allegations made in this Paragraph.**

17.     Pursuant to the requirements of the Trust Agreements, MASTER-TECH owes a minimum of $20,897.57 in working contractor contributions.

**ANSWER:** **Defendant denies the allegations made in this paragraph.**

18. MASTER-TECH has not submitted contribution reports for the period of September 2009 through February 2010 which may reveal additional unpaid amounts for said period.

**ANSWER:** **Defendant admits the allegations made in this Paragraph.**

19. MASTER-TECH is obligated to submit the missing contribution reports stated above.

**ANSWER:** **Defendant admits the allegations made in this Paragraph.**

20. As a result of MASTER-TECH's failure to submit contributing payments in a timely manner, liquidated damages have been assessed in the amount of $2,710.7 and interest has accrued in the amount of $2,027.98.

**ANSWER:** **Defendant has insufficient knowledge to admit or deny these allegations.**

21. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from MASTER-TECH.

**ANSWER:** **Defendant denies the allegations made in this Paragraph.**

22. Plaintiffs have complied with all conditions precedent in bringing this suit.

**ANSWER:** **Defendant has insufficient knowledge to admit or deny these allegations.**

23. MASTER-TECH is obligated to pay the reasonable attorneys' fees and court costs incurred by the Plaintiffs pursuant to the Collective Bargaining Agreement, Trust Agreements and 29 U.S.C. § 1132(g)(2)(D).

**ANSWER:** **Defendant denies the allegations made in this Paragraph.**

**WHEREFORE,** Defendant prays that Plaintiffs' Complaint be dismissed with prejudice and that this Court award it such other relief deemed just and equitable.

## COUNTERCLAIM

NOW COMES the Defendant/Counter-Plaintiff, MASTER-TECH REFRIGERATION SERVICE CORP. ("Master-Tech") and for its Counterclaim against the Plaintiffs/Counter-Defendants, PIPEFITTERS RETIREMENT FUND, LOCAL 597, the PIPEFITTERS WELFARE FUND, LOCAL 597, PIPE FITTERS TRAINING FUND, LOCAL 597, the PIPE FITTERS INDIVIDUAL ACCOUNT AND 401(k) PLAN, the Board of Trustees of the Chicago Area Mechanical Contracting Industry Improvement Trust ('TRUST FUNDS"), the Board of Trustees of the Pipe Fitting Council of Greater Chicago("PFCGC"), and Pipe Fitters' Association, Local Union 597, U.A. ("Union"), states as follows:

1. Subject matter jurisdiction over this action arises under the laws of the United States and is brought pursuant 28 U.S.C. 1331 and pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132, 1145 (hereinafter referred to as "ERISA"). Jurisdiction is based upon the existence of questions arising thereunder as hereinafter more fully appears.

2. Venue is proper in this court pursuant to 29 U.S.C. § 1132(e)(2) in that the PIPEFITTERS RETIREMENT FUND, LOCAL 597, the PIPEFITTERS WELFARE FUND, LOCAL 597, PIPE FITTERS TRAINING FUND, LOCAL 597 and the PIPE FITTERS INDIVIDUAL ACCOUNT AND 401(k) PLAN are administered at 45 North Ogden Avenue, Chicago, Illinois and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Master-Tech' claims occurred in the Northern District of Illinois, Eastern Division.

## PARTIES

3. The Board of Trustees of the TRUST FUNDS, are authorized to administer the TRUST FUNDS, which receive contributions from numerous employers including Master-Tech pursuant to Collective Bargaining Agreements between the employers including Master-Tech and the PIPE FITTERS ASSOCIATION, LOCAL UNION 597, U.A. ("UNION"), and therefore are multi-employer plans under 29 U.S.C. § 1002.

4. The BOARD OF TRUSTEES of the CHICAGO AREA MECHANICAL CONTRACTORS INDUSTRY IMPROVEMENT TRUST ("INDUSTRY FUND") claim that it is authorized to administer the INDUSTRY FUND.

5. The BOARD OF TRUSTEES of the PIPE FITTING COUNCIL OF GREATER CHICAGO ("PFCGC") claim it is authorized to administer the PFCGC.

6. At all relevant times herein, MASTER-TECH was an Illinois corporation with its principal place of business located in Plainfield, Illinois.

7. At all relevant times herein, MASTER-TECH was an employer as set forth in 29 U.S.C. 1002(5) and engaged in an industry affecting commerce.

8. At all relevant times herein, MASTER-TECH was signatory to a collective bargaining agreement or agreements with the Union whereby MASTER-TECH made payments for fringe benefit contributions and/or dues to the Trust Funds, PFCGC, and the Union.

9. The PIPEFITTERS RETIREMENT FUND, LOCAL 597, the PIPEFITTERS WELFARE FUND, LOCAL 597, and PIPE FITTERS TRAINING FUND, LOCAL 597 enacted a rule which required employers including MASTER-TECH to pay monthly contributions based upon the greater of the following methods whenever an owner of an employer or an owner's family members performed work under the collective bargaining agreement: 1) the number of hours worked by the owner of an employer or owner's family member under the collective bargaining agreement, or 2) 155 hours ("collectively referred to as 155 Hour Rule").

10. Plaintiffs/Counter-Defendants assert not only that they were authorized to enact and enforce the 155 Hour Rule but also that MASTER-TECH is obligated to pay them in accordance with the 155 Hour Rule.

11. MASTER-TECH disputes that Plaintiffs/Counter-Defendants were authorized to enact and enforce the 155 Hour Rule.. MASTER-TECH also disputes that it is obligated to pay Plaintiffs/Counter-Defendants in accordance with the 155 Hour Rule. Thus, an actual and justiciable controversy exists between MASTER-TECH disputes that Plaintiffs/Counter-Defendants which is ripe for judicial review.

12. Payments made by MASTER-TECH to Plaintiffs/Counter-Defendants under the 155 Hour Rule were unauthorized and should be returned to MASTER-TECH. It would also be inequitable to allow Plaintiffs/Counter-Defendants to retain such payments without refunding them to MASTER-TECH.

13. MASTER-TECH also made payments to Plaintiffs/Counter-Defendants by mistake and it would be inequitable to allow Plaintiffs/Counter-Defendants to retain such payments without refunding them to MASTER-TECH.

14. Plaintiffs/Counter-Defendants were unjustly enriched by the payments made by MASTER-TECH under the 155 Hour Rule and by the payments made by mistake.

WHEREFORE, MASTER-TECH prays that this Honorable Court:

A. Declare that the 155 Hour Rule is invalid, unenforceable, and/or unauthorized;

B. Order Plaintiffs/Counter-Defendants to return to MASTER-TECH all monies paid by MASTER-TECH under the 155 Hour Rule plus interest on said sums;

C. Enter judgment against Plaintiffs/Counter-Defendants and in favor of MASTER-TECH for all monies paid by MASTER-TECH under the 155 Hour Rule plus interest on said monies;

     D.     Order Plaintiffs/Counter-Defendants to return to MASTER-TECH all monies paid by mistake plus interest on said monies;

     E.     Enter judgment against Plaintiffs/Counter-Defendants and in favor of MASTER-TECH for all monies paid by MASTER-TECH under the 155 Hour Rule plus interest on said monies; and

     E     Award MASTER-TECH its costs plus such other relief deemed just and equitable.

Respectfully submitted,

By: /s/ Joseph P. Berglund
     One of Its Attorneys

Joseph P. Berglund
BERGLUND & MASTNY, P.C.
1010 Jorie Boulevard, Suite 370
Oak Brook, Illinois 60523
(630) 990-0234

J:\C-Drive\WPDOCS\MASTER-TECH REFRIGERATION\Answer.Complaint.wpd