**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BOARD OF TRUSTEES OF THE PIPE FITTERS RETIREMENT FUND, LOCAL 597, et al., | ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION <br><br> NO.: 10-CV-2246 <br><br> HON. REBECCA R. PALLMEYER <br><br> MAGISTRATE JUDGE MASON |
| Plaintiffs, | | |
| v. | | |
| MASTER - TECH REFRIGERATION SERVICE CORP., an Illinois corporation, | | |
| Defendant. | | |

**AMENDED COUNTERCLAIM FOR RESTITUTION**

NOW COMES the Defendant/Counter-Plaintiff, MASTER-TECH REFRIGERATION SERVICE CORP. ("Master-Tech") and for its Counterclaim against the Plaintiffs/Counter-Defendants, PIPEFITTERS RETIREMENT FUND, LOCAL 597, the PIPEFITTERS WELFARE FUND, LOCAL 597, PIPE FITTERS TRAINING FUND, LOCAL 597, the PIPE FITTERS INDIVIDUAL ACCOUNT AND 401(k) PLAN, the Board of Trustees of the Chicago Area Mechanical Contracting Industry Improvement Trust ('TRUST FUNDS"), the Board of Trustees of the Pipe Fitting Council of Greater Chicago("PFCGC"), and Pipe Fitters' Association, Local Union 597, U.A. ("Union"), states as follows:

1. Subject matter jurisdiction over this action arises under the laws of the United States and is brought pursuant 28 U.S.C. 1331 and pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132, 1145 (hereinafter referred to as "ERISA"). Jurisdiction is based upon the existence of questions arising thereunder as hereinafter more fully appears.

2. Venue is proper in this court pursuant to 29 U.S.C. § 1132(e)(2) in that the PIPEFITTERS RETIREMENT FUND, LOCAL 597, the PIPEFITTERS WELFARE FUND, LOCAL 597, PIPE FITTERS TRAINING FUND, LOCAL 597 and the PIPE FITTERS

INDIVIDUAL ACCOUNT AND 401(k) PLAN are administered at 45 North Ogden Avenue, Chicago, Illinois and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Master-Tech' claims occurred in the Northern District of Illinois, Eastern Division.

## PARTIES

3. The Board of Trustees of the TRUST FUNDS, are authorized to administer the TRUST FUNDS, which receive contributions from numerous employers including Master-Tech pursuant to Collective Bargaining Agreements between the employers including Master-Tech and the PIPE FITTERS ASSOCIATION, LOCAL UNION 597, U.A. ("UNION"), and therefore are multi-employer plans under 29 U.S.C. § 1002.

4. The BOARD OF TRUSTEES of the CHICAGO AREA MECHANICAL CONTRACTORS INDUSTRY IMPROVEMENT TRUST ("INDUSTRY FUND") claim that it is authorized to administer the INDUSTRY FUND.

5. The BOARD OF TRUSTEES of the PIPE FITTING COUNCIL OF GREATER CHICAGO ("PFCGC") claim it is authorized to administer the PFCGC.

6. At all relevant times herein, MASTER-TECH was an Illinois corporation with its principal place of business located in Plainfield, Illinois.

7. At all relevant times herein, MASTER-TECH was an employer as set forth in 29 U.S.C. 1002(5) and engaged in an industry affecting commerce.

8. At all relevant times herein, MASTER-TECH was signatory to a collective bargaining agreement or agreements with the Union (hereinafter referred to as "CBA") whereby MASTER-TECH made payments for fringe benefit contributions and/or dues to the Trust Funds, PFCGC, and the Union.

9. Pursuant to the CBA by and between the Union and MASTER-TECH, MASTER-TECH was required to pay fringe benefit contributions and/or dues to the Trust Funds, PFCGC and the Union based upon actual hours worked by its covered employees.

10. For the period covering November 1, 2006 through July 2009, MASTER-TECH paid more fringe benefit contributions and/or dues to the Trust Funds, PFCGC and the Union than it was required to pay under the CBA in the amount of $15,433.58.

11. The fringe benefit contributions and/or dues paid by MASTER-TECH to the Trust Funds, PFCGC and the Union in the amount of $15,433.58 represent more than the actual hours worked by its covered employees.

12. The overpayment by in the amount of $15,433.58 was made by mistake in good faith and it would be inequitable to allow Plaintiffs/Counter-Defendants to retain such over payments without refunding them to MASTER-TECH.

13. Plaintiffs/Counter-Defendants were unjustly enriched by the overpayments made by MASTER-TECH because the CBA only required MASTER-TECH to pay fringe benefit contributions and/or dues to the Trust Funds, PFCGC and the Union based upon actual hours worked by its covered employees.

WHEREFORE, MASTER-TECH prays that this Honorable Court:

A. Order Plaintiffs/Counter-Defendants to return to MASTER-TECH all monies paid by mistake plus interest on said monies;

B. Enter judgment against Plaintiffs/Counter-Defendants and in favor of MASTER-TECH for all monies paid by mistake plus interest on said monies; and

C. Award MASTER-TECH its costs plus such other relief deemed just and equitable.

Respectfully submitted,


By: /s/ Joseph P. Berglund

One of Its Attorneys

Joseph P. Berglund
BERGLUND & MASTNY, P.C.
1010 Jorie Boulevard, Suite 370
Oak Brook, Illinois 60523
(630) 990-0234
J:\C-Drive\WPDOCS\MASTER-TECH REFRIGERATION\Amended Counterclaim 1.5.10.wpd